David S. RAUZI, Appellant,

v.

Shelly M. RAUZI (now Edwards),
Respondent.

No. WD 66781.

Missouri Court of Appeals,
Western District.

June 26, 2007.

Dennis J.C. Owens, Jeremiah Kidwell and Jason Conkright, Kansas City, MO for appellant.

Patrick W. Campbell and Patricia M. Scaglia, Independence, MO, for respondent.

Before HOWARD, C.J., and SPINDEN and EDWIN H. SMITH, JJ.

### Order

PER CURIAM.

David S. Rauzi appeals the judgment of the Circuit Court of Jackson County: (1) modifying the court's decree of dissolution of marriage of August 20, 1996, by transferring sole legal custody of the parties' two children to the respondent; (2) abating the child support arrearage owed the appellant by the respondent of $8,147.37; (3) denying the appellant's motion to hold the respondent in contempt for failure to pay child support as ordered, in the amount of $8,147.37; and (4) awarding the respondent $10,662 for reimbursement of medical expenses incurred on behalf of the parties' children.

The appellant raises six points on appeal. In Point I, he claims that the trial court erred in "setting aside the original decree *because* it did not have jurisdiction to do so." In Point II, he claims that the trial court plainly erred in admitting evidence that the appellant "overreached" the respondent by coercing her into signing their August 20, 1996, settlement agreement, in determining the respondent's motion to modify custody, because, contrary to § 452.410.1, governing modifications of custody, the evidence in question did not concern "facts arising since the prior decree" which bore on the issues of changed circumstances of the children and the best interests of the children. In Point III, he claims that the trial court erred in sustaining the respondent's motion to modify custody by awarding her sole legal custody of the parties' children because the evidence was not sufficient to overcome the "presumption that joint custody is proper." In Point IV, he claims that the trial court erred in overruling the appellant's motion for contempt for her failure to pay child support to the appellant as ordered by the trial court in its initial decree because the appellant made a *prima facie* case for contempt for non-payment of child support, which was not rebutted by the respondent. In Point V, the appellant claims that the trial court erred in abating the respondent's child support arrearage, in the amount of $8,147.37, because the record did not support the requisite finding by the court for abatement, pursuant to § 452.340.2, that the appellant voluntarily relinquished physical custody of the parties' minor children to the respondent for a period of time in excess of thirty consecutive days or that he failed to provide the respondent with visitation or physical or legal custody in accordance with the court's decree of custody. In Point VI, the appellant essentially makes two claims. He first claims that the trial court erred in ordering the appellant to reimburse the respondent in the amount of $10,662.03 for "past medical costs" she incurred on behalf

of the parties' children because such relief was outside the scope of the respondent's pleadings. In the alternative, he claims that the trial court erred in ordering him to pay the respondent $10,662.03 in un-reimbursed medical costs because he was entitled to a set-off of $1,000 for uncovered medical expenses he had incurred on behalf of the children.

We affirm pursuant to **Rule 84.16(b)**.